UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SANDY J. TERRY                                                                                   PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10CV-674-S

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the claimant, Sandy J. Terry, for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(DN 18).

The EAJA states that, except as otherwise specifically provided by statute, a court shall award attorney fees and costs where:

1. The party seeking such fees is the prevailing party in a civil action brought by or against the United States;

2. An application for such fees, including an itemized justification for such amount requested, is timely filed within thirty days of final judgment in the action;

3. The party alleges and the court concludes on the basis of the record that the position of the United States was not substantially justified; and

4. The court concludes that no special circumstances make an award unjust.

28 U.S.C. § 2412(d).

The parties agree that Terry is the prevailing party, the court having ordered remand of this matter to the Commissioner of Social Security for further administrative proceedings. Terry filed a timely application, including an affidavit of counsel and itemization. Terry alleges that the United

States was not substantially justified in its position that her claim for disability benefits should be denied.  The parties agree that no special circumstances exist in this case.

The United States urges that it was substantially justified in opposing an award of benefits. Based upon the record, the court agrees.

This court adopted the findings and recommendation of the magistrate judge in determining that the matter should be remanded, finding, in pertinent part, that the hypothetical posed to the vocational expert ("VE") did not adequately convey certain cognitive limitations identified by the consultative psychological assessment:

> The plaintiff argues that the controlling vocational hypothetical was inadequate. Substantial evidence supports an ALJ's fifth-step denial decision only if the hypothetical question "accurately portrays plaintiff's individual physical and mental impairments." *Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir., 1987). However, the ALJ is required to "incorporate only those limitations accepted as credible." *Casey v. Secretary*, 987 F.2d 1230, 1235 (6th Cir., 1993)...*Ealy* [594 F.3d 504 (6th Cir., 2010)] registered its approval of *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930-931 (E.D.Mich., 2005) (holding that a hypothetical limiting a claimant to jobs entailing no more than "low stress ... simple, routine, unskilled work" did not adequate[ly]... convey to the VE the presence of a moderate limitation in ability to concentrate, persist, and keep pace because such an individual might also be unable to "meet quotas, stay alert, or work at a consistent pace")...As in *Ealy* and *Edwards*, supra, the vocational testimony in this case leaves open the possibility that the plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace.  This possibility is not merely theoretical in light of the VE's testimony that an individual with the plaintiff's IQ may "have problems staying on task" and that this is especially so for persons who have "never worked" (AR, pp. 501-502). The plaintiff has no past relevant work. ALJ's Finding No. 5. Therefore, we must remand this matter for a new decision and further administrative proceedings in compliance with *Ealy*.

DN 15, pp. 10-11.  The court concluded that further exploration of the claimant's difficulties in maintaining concentration, persistence, or pace was warranted, based, in part, on *Ealy, supra.*

The claimant successfully argued for remand, rendering her a prevailing party.  However, remand, alone, on a finding of a lack of substantial evidence to support the Commissioner's decision

does not entitle a claimant to an award of attorney fees.  *Crouch v. Secretary of Health and Human Services*, 749 F.2d 359 (6th Cir. 1984).  The matter of substantial justification for the United States' position entails a separate inquiry.

The term "substantially justified" in the context of the statute means the United States' position "was justified, both in fact and law, to a degree that could satisfy a reasonable person." *Janovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989), *citing Pierce v. Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988).

The United States was substantially justified in taking the position that the ALJ adequately addressed Terry's moderate cognitive difficulties with the VE insofar as the ALJ inquired about the impact of a Global Assessment of Functioning ("GAF") of 52 on the ability to perform the identified jobs, and counsel made inquiry of the VE concerning Terry's I.Q. assessment.  TR., pp. 500-502.  The court's finding that the VE's testimony left open the possibility that Terry would be unable to meet quotas, stay alert, or work at a consistent pace, and that, in light of Dr. Catt's findings of moderate mental limitations and the absence of any prior work history does not call into question the substantial justification for the United States' position in this matter.  In light of the hearing testimony which was more than a cursory inquiry, the district court's decision to remand was a close call.  Clearly the United States' position was justified to a degree that could satisfy a reasonable person.  *Pierce, supra.*

For the foregoing reasons, the motion of the claimant, Sandy J. Terry, for attorney fees (DN 18) will be denied by separate order.

**IT IS SO ORDERED.**

November 15, 2011

Charles R. Simpson III, Judge
United States District Court